Altreuter *v.* The Hudson River Rail-Road Company.

WILLIAM ALTREUTER *v.* THE HUDSON RIVER RAIL-ROAD COMPANY.

In an action brought in the Marine Court, by the owner of a horse and cart, for injuries caused by a collision with one of the cars of a rail-road company, the justice charged the jury, "that if the plaintiff was, in their opinion, doing his best to get out of the defendants' way, it was all that could be required of him; that if he was so doing, the defendants were bound, at their peril, to stop their cars to avoid collision; and if they had not sufficient power to do so, or if they omitted to stop their cars, they were responsible for the consequences." *Held*, that the charge, being, in effect, that, if neither party was in fault, the plaintiff was entitled to recover, was palpably erroneous and unjust.

*Held*, also, that the question, whether the defendants were guilty of negligence, was as material as whether the plaintiff was, and should have been made the primary question, instead of reversing the order and telling the jury that, if the plaintiff was *not* guilty of negligence, they must assume that the defendants were.

The mere fact that a car of a rail-road company in the city of New York is proceeding upon the left hand track, will not, of itself, charge the company with fault and subject them to damages resulting from an accident.

THIS was an appeal by the Hudson River Rail-Road Company, from a judgment of the Marine Court, for damages suffered by the owner of a horse and cart, from a collision with one of the company's cars, within the city of New York.

The cause was tried by a jury, and was submitted to them under a charge, of which the following is an extract: "That if the plaintiff was, in the jury's opinion, doing his best to get out of the defendants' way, it was all that could be required of him; that if he was so doing, the defendants were bound, at their peril, to stop their cars to avoid a collision; and if they had not sufficient power to do so, or if they omitted to stop their cars, they were responsible for the consequences."

No exception appeared from the return to have been taken to these instructions, but their propriety and bearing were discussed on the argument of the appeal.

The car was proceeding rapidly down Hudson-street, on the easterly or left hand track, when it came in contact with the plaintiff's cart, which had been prevented, by a heap of snow, from avoiding the collision. The horse was thrown down and dragged "nearly two blocks."

The plaintiff contended that "the law of the road" (1 R. S., 3d ed., part 1, ch. 20, title 13, § 1, p. 873) applied to this case, and claimed that the defendants could not lawfully proceed on the left track. The defendants requested the court to charge that the defendants had a right to travel on the left hand track, which the justice refused, and noted an exception.

*William Fullerton,* for the appellants.

*J. J. Radcliffe* and *David P. Whedon,* for the respondent.

BY THE COURT. WOODRUFF, J.—The charge of the judge in this case appears to me so palpably erroneous, and so unjust in its influence, or at least in its tendency, that—although I think the evidence warranted a recovery under a correct instruction from the court—the judgment ought not to be sustained. The charge was, in effect, that if the plaintiff did all he could to avoid the accident, he was entitled to recover at all events. That although the defendants did every thing which it was within human ability and skill to do, they are nevertheless liable. That is to say, if neither party was in fault, the plaintiff is entitled to recover.

Even if the defendants "*had not sufficient power to stop,*" they were bound to stop at their peril.

The question whether the defendants were guilty of negligence was as material as whether the plaintiff was, and that should have been made the primary question, instead of reversing the order and telling the jury that if the plaintiff was *not* guilty of negligence; they must assume that the defendants were.

Suppose the case were reversed and the collision had resulted in an injury to the defendants' car and horses, and they had sued. Would it have been proper to charge the jury, that if the defendants did their best to avoid the collision, the plaintiff was bound to get his cart off the track at his peril?

It is true that there was no exception in form taken to this part of the charge, but it seems to me we ought not to suffer such an instruction to pass, if there are any grounds upon which we can reverse consistently with established precedent.

And this I think is found in the refusal of the judge to charge the jury that the defendants *had a right to travel on the track* on the left hand side of the road.

By the justice's amended return, it appears that he did, when *requested*, refuse so to charge, and that the defendants' counsel excepted.

The jury were, therefore, left to infer from such refusal, that the running on the left hand track was itself a fault, on the part of the defendants, and subjected them to damages.

I think the judgment must be reversed.

Judgment reversed.